# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2033

_____

United States of America

*Plaintiff - Appellee*

v.

Stephon Verges

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 12, 2026
Filed: August 11, 2026

_____

Before COLLOTON, Chief Judge, ERICKSON and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Stephon Verges pled guilty to possessing a firearm as a convicted felon after sustaining a prior conviction for unlawful use of a weapon under Missouri Revised Statutes § 571.030. At sentencing, the district court[1] examined Verges's underlying

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

amended information and guilty plea, and it found that his prior conviction was for "Unlawful Use of a Weapon – Exhibiting" under § 571.030.1(4). The district court then counted that offense as a "crime of violence" and increased Verges's Guidelines range accordingly. U.S. Sentencing Guidelines Manual §§ 2K2.1(a) & cmt. n.1, 4B1.2(a) (U.S. Sentencing Comm'n 2024). Verges appeals, arguing that the district court (1) clearly erred in determining his offense of conviction and (2) erred in concluding that § 571.030.1(4) is a crime of violence. We affirm.

## I. Analysis

Under the Guidelines, a "crime of violence" includes "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a)(1). We determine whether an offense meets this definition by using "the categorical approach." *United States v. Schneider*, 905 F.3d 1088, 1090 (8th Cir. 2018) (quoting *Mathis v. United States*, 579 U.S. 500, 504 (2016)). This approach requires us to examine the elements of the offense and "ask whether only conduct involving physical force can satisfy them." *Id.* "If the answer is yes, the defendant's crime has a physical-force element." *Id.*

When a defendant is convicted under a statute that creates multiple offenses (i.e., a "divisible" statute), we apply "the modified categorical approach" to identify the offense of conviction. *Id.* at 1090–91 (quoting *Mathis*, 579 U.S. at 505). Under this approach, we may "consider a limited class of documents in the judicial record, including the charging document, written plea agreement, and plea colloquy transcript, to make the determination." *United States v. Winston*, 845 F.3d 876, 877 (8th Cir. 2017). These documents "must establish the crime of conviction by a preponderance of the evidence." *United States v. Thomas*, 838 F.3d 926, 929 (8th Cir. 2016). "After identifying the crime, we ascertain its elements and then, as before, ask whether only conduct involving physical force can satisfy them." *Schneider*, 905 F.3d at 1091. "And, again as before, if the answer is yes, the defendant's crime has a physical-force element." *Id.*

-2-

We first consider Verges's argument that his underlying amended information and guilty plea do not establish he was convicted under § 571.030.1(4). Because § 571.030.1 is divisible, *see United States v. Hudson*, 851 F.3d 807, 809 (8th Cir. 2017), the district court employed the modified categorical approach to identify his offense of conviction. *See Winston*, 845 F.3d at 877. We review its finding for clear error, *see United States v. Thornton*, 766 F.3d 875, 878 (8th Cir. 2014), and will affirm "[a]s long as the determination is plausible in light of the record as a whole . . . ." *United States v. Aguirre*, 170 F.4th 695, 698 (8th Cir. 2026) (quoting *United States v. Farrington*, 499 F.3d 854, 859 (8th Cir. 2007)).

The district court's finding was not clearly erroneous. According to Verges's plea, he pled guilty to unlawful use of a weapon as a class D felony. When he committed the offense in 2007, § 571.030.1 was divided into 10 subdivisions, and subdivisions 6, 7, 8, and 9 could not be class D felonies. *See* § 571.030.1, .7 (Supp. 2006). The remainder of the statute provided as follows:

> A person commits the crime of unlawful use of weapons if he or she knowingly:
>
> > (1) Carries concealed upon or about his or her person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use; or
> > (2) Sets a spring gun; or
> > (3) Discharges or shoots a firearm into a dwelling house, a railroad train, boat, aircraft, or motor vehicle as defined in section 302.010, RSMo, or any building or structure used for the assembling of people; or
> > (4) Exhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner; or
> > (5) Possesses or discharges a firearm or projectile weapon while intoxicated; or
> >
> > .    .    .
> >
> > (10) Carries a firearm, whether loaded or unloaded, or any other weapon readily capable of lethal use into any school, onto any school bus, or onto the premises of any function or activity

> sponsored or sanctioned by school officials or the district school board.

*Id.* § 571.030.1. Verges's amended information charged him with "exhibit[ing] in the presence of one or more persons, a firearm, a weapon readily capable of lethal use." While this language tracks only § 571.030.1(4), Verges protests that the language is not an exact match and was insufficient to charge an offense under that subdivision. We are not here, however, to entertain a quasi-collateral attack on the sufficiency of Verges's information. He was plainly convicted of violating a subdivision of § 571.030.1, and the amended information tracked subdivision 4 much more closely than any other. This was sufficient to render the district court's determination "plausible in light of the record as a whole . . . ." *Aguirre*, 170 F.4th at 698 (quoting *Farrington*, 499 F.3d at 859). So it did not clearly err in finding by a preponderance of the evidence that Verges was convicted under § 571.030.1(4). *See Thomas*, 838 F.3d at 929 ("Occasionally, it will be necessary to interpret the state court record and make reasonable inferences . . . to identify the discrete statutory subdivision at issue." (cleaned up)).

We next turn to Verges's argument that § 571.030.1(4) is not a crime of violence. "We review de novo whether a prior conviction qualifies as a crime of violence . . . under the Guidelines." *United States v. Ellis*, 129 F.4th 1075, 1082 (8th Cir.) (cleaned up), *cert. denied*, 146 S. Ct. 252 (2025). In *United States v. Pulliam*, we held that § 571.030.1(4) "meets the statutory definition of violent felony" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). 566 F.3d 784, 788 (8th Cir. 2009); *see also United States v. Clark*, 1 F.4th 632, 635 (8th Cir. 2021) ("We treat the terms 'violent felony' under the ACCA and 'crime of violence' under the Guidelines as interchangeable."). Under our prior panel rule, this holding binds us, but a limited exception to the rule permits us to revisit *Pulliam* if it is inconsistent with an intervening Supreme Court decision. *See United States v. Donath*, 107 F.4th 830, 836 (8th Cir. 2024). So Verges claims *Pulliam* is now inconsistent with *Delligatti v. United States*, in which the Supreme Court clarified that "the language 'against another' specifies the required object of the force (another person, rather than, say, an animal) . . . ." 604 U.S. 423, 434 (2025).

-4-

According to Verges, *Delligatti* casts *Pulliam* into doubt because § 571.030.1(4) requires only "that there be an exhibition 'in the presence' of another" rather than an "action 'against' another person." But *Pulliam* expressly stated that "displaying an operational weapon *before another* in an angry or threatening manner qualifies as threatened use of physical force *against another person*." 566 F.3d at 788 (emphasis added). Thus, the *Pulliam* court understood — as *Delligatti* later expounded — the object of the force must be a person. This is why it reasoned that angrily or threateningly exhibiting a deadly weapon in the presence of others is a per se threat to use physical force against those in whose presence the weapon is exhibited. *See id.* Citing Missouri caselaw, Verges disagrees with *Pulliam*'s reasoning on this point. *See, e.g.*, *State v. Gheen*, 41 S.W.3d 598, 605–06 (Mo. Ct. App. 2001); *State v. Johnson*, 964 S.W.2d 465, 467 (Mo. Ct. App. 1998). In his view, *Gheen* and *Johnson* imply that "the phrase 'in the presence of one or more persons' is not synonymous with the phrase 'against the person of another.'" But *Gheen* and *Johnson* predate *Pulliam*, so they "cannot overcome our circuit's prior panel rule." *Donath*, 107 F.4th at 837. And Verges's disagreement with *Pulliam*'s reasoning does not make it inconsistent with *Delligatti*.

Even if we could revisit *Pulliam*, Verges's argument would still fail. *Gheen* and *Johnson* involved defendants who brandished firearms in the presence of certain individuals before firing at someone or something else. *See Gheen*, 41 S.W.3d at 605–06; *Johnson*, 964 S.W.2d at 467. But the Missouri Supreme Court has explained that "flourishing a weapon in the presence of others is equated to an assault" in which there is "a substantial risk of death or physical injury to those in whose presence such conduct occurs." *State v. Parkhurst*, 845 S.W.2d 31, 36 (Mo. 1992). As *Parkhurst* makes clear, the defendants in *Gheen* and *Johnson* used physical force against those who witnessed them brandishing their firearms. After all, if "flourishing a weapon in the presence of others is equated to an assault" on "those in whose presence such conduct occurs," *id.*, then it "qualifies as threatened use of physical force" against the same. *Pulliam*, 566 F.3d at 788; *see also Brown v. Krueger*, 25 F.4th 526, 530 (7th Cir. 2022) ("*Gheen* isn't at odds with — and *Parkhurst* seems to support — the Eighth Circuit's view of § 571.030.1(4) . . . .").

## II.  Conclusion

We affirm the district court's judgment.

_____